UNITED STATES DISTRICT COURT
for the
District of North Dakota

| | | |
|---|---|---|
| Estate of Jordan Ray Parisien, | ) | |
| Linus John Parisien, Personal Representative, | ) | Case No. |
| | ) | |
| Plaintiffs, | ) | |
| vs. | ) | **COMPLAINT FOR WRONGFUL** |
| | ) | **DEATH AND SURVIVAL** |
| United States of America, | ) | **ACTION** |
| | ) | |
| Defendant. | ) | |

**PARTIES**

1. Plaintiff, Linus John Parisien, the father of the deceased, was duly appointed Personal Representative of the Estate of Jordan Ray Parisien on May 7, 2025 (See ND Docket #40-2025-PR-00010). The Personal Representative, the deceased along with his issue are residents of the Turtle Mountain Band of Chippewa Indians residing on said Reservation in North Dakota. Jordan Ray Parisien is survived by close family members (the "survivors") who were dependent on him and for whose benefit this claim is brought.

2. Defendant is the United States of America, which is sued under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–2680, for the negligent acts and omissions of its employees. At all relevant times, the Turtle Mountain Tribal Police Department was operating under a self-determination contract (Public Law 93-638) with the U.S. Bureau of Indian Affairs ("BIA"), and its law enforcement officers – including the officer involved in the incident described below – are deemed federal employees for purposes of FTCA liability. Accordingly, the United States is the proper defendant in this action.

1

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1346(b)(1), in that Plaintiff seeks money damages against the United States for personal injury and wrongful death caused by the negligence of a federal employee acting within the scope of his duties. Plaintiff has exhausted all administrative remedies as required by 28 U.S.C. § 2675. Specifically, on February 1, 2025, Plaintiff filed a Standard Form 95, administrative claim with the appropriate federal agency, and the claim form was received by the BIA on February 5, 2025, and that claim was formally denied by the BIA in a letter dated July 31, 2025, 2025. This suit is timely filed within six (6) months of receipt of the denial, in accordance with 28 U.S.C. § 2401(b). Venue is proper in the District of North Dakota under 28 U.S.C. § 1402(b) because the acts and omissions giving rise to the claim occurred in this district, and because Plaintiff resides in this district.

## FACTUAL BACKGROUND

4. On or about December 29, 2024, in the morning, around 9:50 A.M., on the Turtle Mountain Reservation in Rolette County, North Dakota, BIA/Tribal Police officer Evan Parisien, shot Jordan Ray Parisien several times with what appears to be an AR 15 or 16 assault rifle, causing the death of Plaintiff Jordan Ray Parisien.

5. The shooting occurred at approximately mile 244, on U.S. Highway 281, well within the Turtle Mountain Reservation in Rolette County, North Dakota.

6. To describe the wounds that Jordan Ray Parisien died from, the following are excerpts from the Final Autopsy Report, performed by Pathologist, Selly Strauch, MD, University

of North Dakota School of Medicine and Health Sciences, UND Forensic Pathology Department; include.

> *An autopsy was an indeterminate range, gunshot wound of head, without exit. A deformed projectile recovered from the left side of the neck. Injuries associates with this gunshot wound included subgaleal contusions, skull fractures, brain lacerations, a complete lactation of brainstem, a subdural, subarachnoid, and interventricular hemorrhage.*
>
> *There was an indeterminate range, gunshot wound of chest. No projectile or projectile particles recovered. Associated injuries included hemorrhage of wound track (deep adipose).*
>
> *There was an indeterminate range, gunshot wound of chest. A deformed projectile was recovered from deep adipose tissue of left pectoral region. Associated injury included hemorrhage of the wound track (deep adipose).*
>
> *An indeterminate range, gunshot wound of back was identified. A deformed projectile was recovered from deep adipose tissue of left midback region. Associated injuries include hemorrhage of wound track (deep adipose).*
>
> *Two "Shrapnel sites" were identified near the midline of the chest. Projectile fragments were recovered from each site. The maximum depth of fragment penetration was into the superficial adipose tissue.*

7. Department of the Interior/BIA has promulgated a Departmental Manual at 446 DM 20 Page 1 of 8, which BIA/Tribal Police officer Evan Parisien was and is supposed to adhere to when performing his duties as a law enforcement officer.

8. With gross disregard to the Department of the Interior, Departmental Manual 446 DM 20, Page 1 of 8, BIA/Tribal Police officer Evan Parisien shot and killed Jordan Ray Parisien.

9. The Bureau of Indian Affairs has released vehicle-mounted camera footage from a December 29, 2024, officer-involved shooting in Belcourt, North Dakota. It shows the decedent shot and killed while standing in an unthreatening manner.

10. An anonymous person sent a video of the shooting of Jordan Ray Parisien to the father

and Plaintiff, Linus John Parisien.

11. The video of the shooting sent to Plaintiff, Linus John Parisien does not show Jordan Ray Parisien holding a weapon or handgun during the shooting.

## COUNT I

### WRONGFUL DEATH PURSUANT TO N.D.C.C. § 32-21-01

12. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth under this count. Under North Dakota law, a death caused by the wrongful act or neglect of another gives rise to an action for damages against the responsible party, as if the deceased person had survived. At all relevant times, the officer Evan Parisien (and hence Defendant United States, via respondeat superior under the FTCA) owed Jordan Ray Parisien a duty to act with reasonable care for his safety. This included the duty to refrain from shooting Jordan Ray Parisien without first attempting to de-escalate the situation. The officer Evan Parisien also had a duty to comply with all applicable law enforcement policies, Manual 446 DM 20, Page 1 of 8, designed to protect the public.

13. Officer Evan Parisien breached his duties of care through negligent and wrongful acts and omissions. Negligence of the Officer is evidenced by, inter alia: (a) shooting an unarmed person, Jordan Ray Parisien; (b) failing to de-escalate the situation; and © shooting and killing Jordan Ray Parisien could have been avoided had officer Evan Parisien exercised due care and obeyed mandatory use of deadly force requirements at Manual 446 DM 20, Page 1 of 8. Officer Evan Parisien's conduct fell below the standard of care expected of a reasonable law enforcement officer under the circumstances. It was foreseeable that shooting range at an unarmed person, such as

Jordan Ray Parisien would result in death.

14. Officer Evan Parisien's negligent actions and omissions were a direct and proximate cause of Jordan Ray Parisien's death. But for the Officer's failure to de-escalate the situation Jordan Ray Parisien would not have died of gunshots. Jordan Ray Parisien experienced conscious pain, fear, and suffering in the moments before his death, and his life was tragically cut short. As a further direct and proximate result of officer Evan Parisien's negligence, Jordan Ray Parisien's survivors have suffered and will continue to suffer profound damages. These damages include, but are not limited to loss of Jordan Ray Parisien's love, society, companionship, comfort, and guidance; the mental anguish and grief of his family; loss of the financial support and services that Jordan Ray Parisien would have provided; and expenses such as funeral and burial costs. Under N.D. Cent. Code § 32-21-01, Defendant United States is liable to Plaintiff for all such compensatory damages sustained by the heirs and next-of-kin of Jordan Ray Parisien as a result of his wrongful death. The United States' liability is to the same extent a private person would be liable under North Dakota law in similar circumstances, pursuant to 28 U.S.C. § 1346(b). No exception to liability under the FTCA applies.

## COUNT II
### SURVIVAL ACTION PURSUANT TO N.D.C.C. § 28-01-26.1

15. The Plaintiff re-alleges and incorporates by reference all prior paragraphs of this Complaint as though fully set forth herein.

16. Prior to his death on December 29, 2024, Jordan Ray Parisien sustained serious and painful injuries as a direct and proximate result of the wrongful acts and omissions of the

Defendants as described above.

17. Jordan Ray Parisien survived for a short period of time following the shooting incident, during which he experienced conscious pain, suffering, and emotional distress. He died at the scene of the shooting described supra.

18. Pursuant to N.D.C.C. § 28-01-26.1, the right of action for personal injuries suffered by Jordan Ray Parisien prior to his death survives and is maintainable by the duly appointed Personal Representative of his estate.

19. As such, Plaintiff Linus John Parisien, in his capacity as Personal Representative, brings this action to recover damages for the pain and suffering, medical expenses, and other compensable injuries sustained by Jordan Ray Parisien prior to death.

20. Plaintiff Linus John Parisien seeks all damages recoverable under North Dakota law for survival actions, including but not limited to pre-death pain and suffering, medical expenses, and any other damages permitted by law.

## PRAYER FOR RELIEF

21. **WHEREFORE**, Plaintiff Linus John Parisien respectfully requests that the Court enter judgment in Plaintiff's favor and against Defendant, the United States of America, awarding:

22. **Damages:**

    From the SF 95 FTCA form, block 12d, the "sum Certain" is $25,000,000.00; and or monetary damages in an amount to be determined at trial, for the benefit of Jordan Ray Parisien's survivors, including but not limited to:

    a. Loss of companionship, society;
    b. Emotional distress of the survivors;

    c.    Lost economic support and services;
    d.    Conscious pain and suffering endured by Jordan Ray Parisien prior to death; and
    e.    All other damages allowable under North Dakota law and proven at trial.

23. **Costs and Interest:**

An award of reasonable costs and disbursements incurred in bringing this action, as permitted by law, and any applicable post-judgment interest (excluding pre-judgment interest not allowed against the United States).

24. **Such Other Relief as the Court Deems Just and Proper:**

Such other relief as the Court deems just: any and all further relief, at law or in equity, to which the Court may award.

**DATED** September 12, 2025.

_Don Bruce_  
Don Bruce, Esq., MBA  
SD Bar # 2407  
P.O. Box 674  
Belcourt, North Dakota 58316  
Ph.   701-477-8755  
Cell   701-477-2516  
FAX   701-477-8772  
Email michif0@yahoo.com

_Reed Soderstrom_  
Reed A. Soderstrom, Esq.  
ND law license: 04759  
P.O. Box 1985  
Minot, ND 58701  
701-833-6910  
rsoderstrom1611@gmail.com