IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Estate of Jordan Ray Parisien, Linus John Parisien, Personal Representative, | Case No. 3:25-cv-00220 |
| Plaintiffs, | **UNITED STATES' OPPOSITION TO N.P.'S MOTION TO INTERVENE AND TO STAY ACTION PENDING EXHAUSTION OF TRIBAL COURT PROCEEDINGS, AND TO PLAINTIFF'S NOTICE OF INTENT TO AMEND AND MOTION TO STAY** |
| v. | |
| United States of America, | |
| Defendants. | |

The United States of America, by Nicholas W. Chase, United States Attorney for the

District of North Dakota, and Sarah E. Wall and Tara Vavrosky Iversen, Assistant United States

Attorneys ("United States"), opposes both N.P.'s motion to intervene and stay this case pending

exhaustion of tribal court proceedings (ECF 13) and Plaintiff's[1] notice of intent to amend and

motion to stay (ECF 21). The Court lacks subject-matter jurisdiction over this entire matter

because Plaintiff failed to exhaust his administrative remedies before filing the Complaint.[2]

Jordan Ray Parisien ("Jordan") died December 29, 2024 (ECF 1, ¶ 4). Plaintiff admits

that when he presented his administrative claim alleging Jordan's wrongful death to the United

States Department of the Interior just six weeks later, he lacked the legal authority to do so:

> "[Intervener's] motion fails to acknowledge the current procedural posture of this case—namely, that administrative exhaustion under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2675(a), has not yet been completed by the court-appointed personal representative, Linus Parisien." ECF 18 at 1.

---

[1] The Complaint is captioned as being brought by "Plaintiffs" but the Notice of Intent to Amend and Motion to Stay is brought by "Plaintiff". The United States assumes the Complaint should have been captioned "Plaintiff" as well, with Linus John Parisien bringing suit in his purported capacity as Personal Representative of the Estate of Jordan Ray Parisien. The United States notes this appointment is apparently under challenge in both a North Dakota state court probate proceeding as well as a Turtle Mountain Tribal Court probate proceeding. ECF 13 at 1–3.

[2] If this case is not dismissed, the United States intends to respond to the Complaint with a fully briefed motion to dismiss for lack of subject matter jurisdiction by its deadline of January 26, 2026.

"Neither Richard Monette nor Don Bruce filed an SF-95 form after Linus Parisien was appointed personal representative of the estate. Because only a duly authorized personal representative may file a valid administrative claim on behalf of an estate under the FTCA, see *Strohmeyer v. U.S.*, 953 F.Supp. 358 (D.D.C. 1997) [sic][3], *the previous SF-95 filings are defective*." ECF 18 at 1 (emphasis added).

"Because the original Standard Form 95 (SF-95) was filed prior to the formal appointment of Linus Parisien as personal representative of the estate, Plaintiff acknowledges that a ratified SF-95 must now be filed and a new six-month waiting period observed." ECF 21.

" . . . The Plaintiff's anticipated filing of an Amended Complaint curing *the jurisdictional defect*." ECF 19 at 1 (emphasis added).

"On February 1, 2025, I submitted a completed Standard Form (SF-95) to the appropriate federal agency, naming Linus as the claimant acting on behalf of the estate. At that time, no Letters of Administration had been issued." Affidavit of Don Bruce, *In the Matter of the Estate of Jordan Ray Parisien*, in the District Court of Rolette County, State of North Dakota, Probate No. 40-2025-PR-00010 ("*In re Parisien Estate*"), Index #14 at ¶¶ 4-5.[4]

"On May 7, 2025, I was formally appointed as the Personal Representative of the Estate of Jordan Ray Parisien by the Rolette County District Court . . . . Prior to this state court appointment, I was aware that Attorney Don Bruce had submitted a Federal Tort Claims Act (FTCA) Form SF-95 to the Bureau of Indian Affairs on or about February 1, 2025, identifying the Estate of Jordan Ray Parisien as the claimant. I understand that this filing occurred before any formal appointment of a Personal Representative had taken place in either State or Tribal Court." Affidavit of Linus Parisien, *In re Parisien Estate*, Index #13 at ¶¶ 2-3.

"The text of the FTCA [Federal Tort Claims Act] unambiguously commands that a plaintiff must administratively exhaust her remedies before filing suit in federal court." *King v. United States*, 3 F.4th 996, 999 (8th Cir. 2021) (citing *McNeil v. United States*, 508 U.S. 106, 111 (1993) ("An action shall not be instituted upon a claim . . . unless the claimant shall have

---

[3] Counsel for the United States could not locate this case.

[4] Federal courts may "take judicial notice of proceedings in other courts if they relate directly to the matters at issue." *United States v. Evans*, 690 F.3d 940, 943 (8th Cir. 2012) (quoting *Conforti v. United States*, 74 F.3d 838, 840 (8th Cir. 1996)).

first presented the claim to the appropriate Federal agency and his claim shall have been finally decided by the agency in writing . . . .")). The "Eighth Circuit, sitting en banc, held that federal courts lack subject-matter jurisdiction over FTCA suits unless the claim presented to the agency includes evidence of the claimant's authority to act on behalf of a claim's beneficiaries." *Rollo-Carlson v. United States*, No. 18-cv-02842, 2019 WL 1243017, at *2 (D. Minn. Mar. 18, 2019) (citing *Mader v. United States*, 654 F.3d 794, 801 (8th Cir. 2011) ("[Section] 2675(a) requires the presentment of evidence of a personal representative's authority to act on behalf of a claim's beneficiaries, something totally essential to meaningful agency consideration."))

Plaintiff filed his administrative claim *before* he was appointed personal representative of Jordan's estate. Plaintiff thus could not have presented evidence of his authority to bring a claim on behalf of Jordan's estate at the same time he filed his claim, as is required for the exhaustion of administrative remedies and the existence of subject-matter jurisdiction in federal district court. *See Hennager v. United States*, Case No. 3:19-cv-258, 2020 WL 7295832, at *5 (D.N.D. Nov. 4, 2020) ("[E]vidence of authority must be 'asserted *contemporaneously* with the filing of the claim by one who files on behalf of a claimant.'") (citing *Lunsford v. United States*, 570 F.2d 221, 226 (8th Cir. 1977) (emphasis in *Hennager*). Additionally, challenges to whatever appointment Plaintiff may have secured *after* filing his administrative claim are apparently underway in both state and tribal court. *See* ECF 13 at 4 ("[T]he court [should] stay the proceedings in this action pending exhaustion of tribal court proceedings to determine its jurisdiction and tribal court determination as to the person who should be the personal representative of the estate of the Decedent."); *In re Parisien Estate*, Motion to Vacate Orders on Appointment of Personal Representative and Letters of Administration, Index #8; Motion to

3

Dismiss and to Remove Linus Parisien as Personal Representative and to Vacate Letters of Administration and attachments, Index ##16-19.

The Court does not have jurisdiction to stay this matter to allow the parties to sort out who has the legal authority to bring a claim on behalf of the estate, attempt to exhaust their administrative remedies, and then file an Amended Complaint. *See Askar v. Hennepin County*, 600 F. Supp. 3d 948, 955–56 (D. Minn. 2022) ("The operative date for FTCA exhaustion analysis is the original filing date. Amending a complaint does not re-set or otherwise change that operative date.") (citing *Sparrow v. USPS*, 825 F. Supp. 252, 254-55 (E.D. Cal. 1993) (a premature complaint cannot be cured through amendment)). Instead, Plaintiff may voluntarily dismiss his Complaint, or the Court may dismiss the Complaint *sua sponte* pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")

The United States therefore respectfully requests that this Court deny both N.P.'s motion to intervene and stay and Plaintiff's motion to stay.

Dated:  December 16, 2025

NICHOLAS W. CHASE
United States Attorney

By:    /s/ *Sarah E. Wall*
SARAH E. WALL
Assistant United States Attorney
ND Bar ID 07822
P.O. Box 699
Bismarck, ND  58502-0699
(701) 530-2420
sarah.wall@usdoj.gov

TARA VAVROSKY IVERSEN
Assistant United States Attorney

4

MN Bar ID 0387790
655 First Avenue North, Suite 250
Fargo, ND  58102-4932
(701) 297-7400
tara.iversen@usdoj.gov

Attorneys for United States